Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone:  (516) 268-7080
*spencer@spencersheehan.com*

Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
Telephone: (212) 643-0500
Fax: (212) 253-4272
*mreese@reesellp.com*

United States District Court
Southern District of New York                              7:20-cv-10931

| | |
|---|---|
| Robert Galinsky, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| King's Hawaiian LLC, | |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      King's Hawaiian LLC ("defendant") markets, manufactures, labels, distributes, promotes and sells sweet, chewy small round rolls with added sugar and pineapple juice, known as "Hawaiian Rolls" ("Product").

2.      Based on the traditional Portuguese Sweet Bread, Hawaiian Rolls were first developed by Defendant.

3.      The Product's front label representations include "King's Hawaiian, "Est. 1950," "Hilo, Hawaii," "Original Hawaiian Sweet Rolls" and Hawaiian trade dress of tropical flowers in

orange colors.



4.      Defendant is the leading seller of Hawaiian Rolls and essentially invented this category of food.

5.      Numerous other companies sell Hawaiian Rolls and even emulate Defendant's trade dress and packaging.

6.      The images below are a sampling of Hawaiian Rolls – Rainbo, Sam's Choice (Walmart), Ball Park Brand, Alpha Packing, Aldi, Sara Lee, Sister Schubert's, Alpine Valley Organic and Pillsbury.
















7.     In fact, Defendant has brought numerous legal action against competitors to prevent the marketing of "Hawaiian Rolls" with trade dress that allegedly infringe upon its trademarked orange floral packaging design:

| | | |
|---|---|---|
| King's Hawaiian Holding Company, Inc. et al v. Southern Bakeries, LLC et al | 4:20-cv-04283 | S.D. Texas |
| King's Hawaiian Holding Company, Inc. v. Pan-O-Gold Baking Company | 1:17-cv-06443 | N.D. Illinois |
| Kings Hawaiian Holding Company Inc et al v. ALDI, Inc. | 2:18-cv-09667 | C.D. California |
| King's Hawaiian Bakery Southeast, Inc. et al v. Aldi, Inc. et al | 2:15-cv-00212 | N.D. Georgia |

8.     Defendant did not object to any of the above companies selling "Hawaiian Rolls," because its success has made the term "Hawaiian Roll" a commonly accepted generic name to refer to breads made in a similar method with similar ingredients.

9.     Nevertheless, Defendant's Product is the market leader for Hawaiian Rolls, as it invented the category.

10.     Today's consumers are faced with increasing commercialization of products and

seek brands that are genuine – Hawaiian Sweet Roles from Hawaii, Mexican beer from Mexico, Italian tomatoes from Italy, etc.

11.     For many consumers, "authenticity has overtaken quality as the prevailing purchasing criterion."

12.     Consumers often pay a price premium "for what they perceive to be authentic products, particularly those perceived to be authentically associated with a specific place," such as Hawaii for Hawaiian Sweet Rolls.

13.     The Product's advertisements, marketing and labeling emphasize this Hawaiian heritage, through the company name of King's Hawaiian, the food name of Sweet Hawaiian Rolls and its unique orange floral trade dress.

14.     Reasonable consumers understand that the term "Hawaiian Rolls" by itself, does not denote a roll made in Hawaii any more than a "Moon Pie" can claim to have been baked on the moon.

15.     Moreover, reasonable consumers understand that "King's Hawaiian" refers to the name of the company.

16.     However, Defendant's front label prominently states "HILO, HAWAII."

17.     Coupled with the legitimate and non-misleading use of a company name – King's Hawaiian – and the name of the food – Sweet Hawaiian Rolls – the front label statement of "HILO, HAWAII" causes consumers to believe the Product is made in Hawaii.

18.     Despite the indications of origin and authenticity, the Product is not made in Hawaii, but in California.

19.     This fact is disclosed in small font on the back of the Product: Manufactured by: King's Hawaiian Bakery West, Inc., 19161 Harborgate Way, Torrance, CA 90501.





20.    While Defendant's company was founded in Hilo, Hawaii, the Product is no longer made there.

21.    Defendant's prominent placement of "Hilo, Hawaii" on the front label – coupled with the other legitimate uses of the word "Hawaiian" – is deceptive and misleading to consumers who believe they are buying a Product made in Hawaii.

22.    The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

23.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

24.    The Product is sold for a price premium compared to other similar products, no less than $3.99 for a pack of 12, higher than it would otherwise be sold for absent the misleading representations.

Jurisdiction and Venue

25.  Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

26.  Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

27.  Plaintiff Robert Galinsky is a citizen of New York.

28.  Defendant King's Hawaiian LLC is a Delaware corporation with a principal place of business in Torrance, Los Angeles County, California and is a citizen of California because upon information and belief, at least one member of defendant is a citizen of California.

29.  "Minimal diversity" exists because plaintiff Robert Galinsky and defendant are citizens of different states.

30.  Upon information and belief, sales of the Product exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

31.  Venue is proper in this because a substantial part of the events or omissions giving rise to the claim occurred here.

32.  Venue is further supported because many class members reside in this District.

Parties

33.  Plaintiff Robert Galinsky is a citizen of Yonkers, Westchester County, New York.

34.  Defendant King's Hawaiian LLC is a Delaware corporation with a principal place of business in Torrance, California, Los Angeles County.

35.  During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within his district and/or State in reliance on the representations of the

Product.

36.    Plaintiff bought the Product on one or more occasions at one or more locations, including at Stop and Shop, 180 N Main St, New City, NY 10956, in December 2020.

37.    Plaintiff bought the Product at or exceeding the above-referenced price because he liked the product for its intended use and relied upon the representations and contractual terms, which defendant breached.

38.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

39.    The Product was worth less than what Plaintiff paid for it and he would not have paid as much absent Defendant's false and misleading statements and omissions.

40.    Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's its terms will be honored.

<u>Class Allegations</u>

41.    The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

42.    Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

43.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

44.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

45.    Plaintiff is an adequate representative because his interests do not conflict with other members.

46.   No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

47.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

48.   Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

49.   Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>(Consumer Protection Statutes)</u>

50.   Plaintiff incorporates by reference all preceding paragraphs.

51.   Plaintiff and class members desired to purchase Hawaiian Rolls that were made in Hawaii.

52.   Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

53.   Defendant misrepresented the Product through its statements, omissions and actions.

54.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

55.   Plaintiff incorporates by reference all preceding paragraphs.

56.   Defendant misrepresented the Product by giving consumers the impression it was made in Hawaii.

57.   This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

58.   The representations took advantage of consumers' cognitive shortcuts made at the

point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

59.     Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

60.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

61.     Plaintiff incorporates by reference all preceding paragraphs.

62.     Defendant misrepresented the attributes and qualities of the Product.

63.     Defendant's fraudulent intent is evinced by its failure to accurately identify the Product's immediate place of origin – where it's made – as opposed to where the company is originally from – when it knew doing so would misled consumers.

64.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Unjust Enrichment

65.     Plaintiff incorporates by reference all preceding paragraphs.

66.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the

undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   December 25, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056


Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
Telephone: (212) 643-0500
Fax: (212) 253-4272
mreese@reesellp.com

7:20-cv-10931
United States District Court
Southern District of New York

Robert Galinsky, individually and on behalf of all others similarly situated,

                            Plaintiff,

        - against -

King's Hawaiian LLC,

                            Defendant

---

## Class Action Complaint

---

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  December 25, 2020

                            /s/ Spencer Sheehan
                            Spencer Sheehan