Sheehan & Associates, P.C.                                    60 Cuttermill Rd Ste 409, Great Neck NY 11021-3104
spencer@spencersheehan.com                              tel. 516.268-7080      fax 516.234.7800

May 17, 2021

District Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St
White Plains, NY 10601

                                           Re:     7:20-cv-10931-KMK
                                                      Galinsky v. King's Hawaiian Bakery West, Inc.

Dear District Judge Karas:

       This office, with co-counsel, represents the plaintiff. On May 3, 2021, defendant filed a letter asking plaintiff to withdraw the first amended complaint ("FAC"), or else it would move for dismissal. ECF No. 19 ("Def. Ltr.").

       ***The FAC Plausibly Alleges Consumers are Misled.*** Plaintiff brings claims under GBL §§ 349 and 350, which New York's highest court has recognized are founded on the overarching belief that "[c]onsumers have the right to an honest market place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). Whether a representation is likely to mislead a reasonable consumer "is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran v. Henkel of America, Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020).

       Defendant argues that "Hawaiian," without more, is insufficient to give rise to a Hawaiian origin claim. However, the FAC provides more detailed factual allegations – "HILO, HAWAII" and "EST 1950," inside a pineapple-crown shape, and "ORIGINAL HAWAIIAN SWEET ROLLS." Defendant's website tells consumers its Sweet Rolls are shipped from Hawaii, through the phrase, "FREE standard mainland shipping." FAC ¶ 26.

       The parties' disagreement about whether consumers could be misled is a factual dispute that "cannot be resolved at this stage of the litigation." *Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 625 (S.D.N.Y. 2006); *Lawton v. Success Acad. Charter Sch., Inc.*, 323 F. Supp. 3d 353, 365 (E.D.N.Y. 2018) (denying motion to dismiss where "plaintiffs raise[d] a factual dispute inappropriate for resolution on a Rule 12(b)(6) motion").

       ***Defendant's Fine Print Disclaimer is Insufficient to Rebut the Overall Impression.*** According to defendant, the "disclosure of the actual product origin in California….is fatal" to any possible deception. Def. Ltr. at 4.

       This is false, because a disclaimer's significance "depends upon factors such as the font size and placement of the disclaimer as well as the relative emphasis placed on the disclaimer and the allegedly misleading statement." *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-cv-3826 (MKB), 2015 WL 5579872, at *16 (E.D.N.Y. Sept. 22, 2015). The back label does not even tell consumers what defendant claims, as this disclosure only lists the main address of the company which manufactures the Product, not the location where it is made.

Even accepting defendant's argument about the disclaimer, the Second Circuit does not require consumers to scour a product's label, "to correct misleading information set forth in large bold type on the front of the box." *Mantikas v. Kellogg, Inc*., 910 F.3d 633, 637 (2d Cir. 2018).

Even accepting defendant's interpretation of the Hawaiian representations as "factually accurate," GBL §§ 349 and 350 prohibit not only marketing claims that are literally false but claims that have the capacity "to mislead even reasonable consumers acting reasonably under the circumstances." *Boule v. Hutton*, 328 F.3d 84, 93 (2d Cir. 2003).

Numerous courts have denied motions to dismiss where the facts were similar to here. *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 469 (S.D.N.Y. 2020) (denying motion to dismiss because "Belgium 1926" could mislead consumers as to the chocolate's origins); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027 (BLF), 2017 WL 3838453, at *7 (N.D. Cal. Sept. 1, 2017) (references to Kona, Hawaii could mislead consumers to believe the beer was brewed in Hawaii even though the labels and packaging did not say "Made in Hawaii"); *Marty v. Anheuser-Busch Companies, LLC*, 43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014) (finding reasonable consumers could believe Beck's beer was brewed in Germany based on representations such as, "Originated in Germany" and "Brewed Under the German Purity Law of 1516."); *Wasser v. All Mkt., Inc.*, No. 16-cv-21238, 2017 WL 11139701, at *4 (S.D. Fla. Nov. 13, 2017) (representation that coconut water was "Born in Brazil" was a sufficient misrepresentation as to its origins); *Scotch Whiskey Ass'n v. Consol. Distilled Prod., Inc.,* No. 79-cv-3107, 1981 WL 40524, at *4 (N.D. Ill. May 7, 1981) (enjoining use of "LOCH–A–MOOR" on whiskey not produced in Scotland because even though the term is not a geographical place-name, it gave the impression of being one).[1]

***The Representations that the Product is Made in Hawaii are Material.*** Defendant contends that even though its Hawaii representations may be misleading, "Plaintiff does not plausibly allege the meaning of such a claim to reasonable consumers." Def. Ltr. at 5. The FAC emphasized that plaintiff and consumers "seek brands that are genuine – Hawaiian sweet breads from Hawaii, Mexican beer from Mexico and Italian tomatoes from Italy," because "authenticity has overtaken quality as the prevailing purchasing criterion." FAC ¶¶ 17-18.

The FAC additionally links consumer demand for authentic Hawaiian rolls "with ingredients grown in Hawaii, such as sugar, pineapple juice and Hawaiian honey." FAC ¶ 3; *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17-cv-02713 JAK (JPRx), 2017 WL 9362139, at *3 (C.D. Cal. Oct. 16, 2017) (finding allegations of deception plausible because the beer's connection with Japan meant it was brewed with higher-quality Japanese water).

***Plaintiff's Common Law Claims – Negligent Misrepresentation, Fraud and Unjust Enrichment – are Adequately Pled.*** Plaintiff's negligent misrepresentation claim is viable because defendant held itself out as having special knowledge – "Portuguese Sweet Bread was commercialized and introduced to the 'mainland' United States by Defendant," which is sufficient to establish the relationship of trust necessary for this claim. *Greene v. Gerber Products Co.*, 262 F. Supp. 3d 38, 75 (E.D.N.Y. 2017).

---

[1] *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17-cv-02713 JAK (JPRx), 2017 WL 9362139, at *3 (C.D. Cal. Oct. 16, 2017) (finding reasonable consumers could believe beer was brewed in Japan based on the Japanese name ("Asahi") and Kanji characters).

      The fraud claims are sufficient because the FAC identifies defendant as the speaker, when (at the time of purchase) and where the statements were made (on the front label and website) and why the statements are fraudulent. Fed. R. Civ. P. 9(b); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 171 (2d Cir. 2015).

      The unjust enrichment claim is not duplicative because "[u]nder Rule 8(e)(2) of the Federal Rules of Civil Procedure, a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency." *Henry v. Daytop Vill., Inc.,* 42 F.3d 89, 95 (2d Cir.1994).

      ***Plaintiff has Standing to Seek Injunctive Relief.*** Numerous courts have concluded that the inability to rely on the labels in the future, as alleged in the FAC, constitutes a threat of harm. *See, e.g.*, *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 445 (E.D.N.Y. 2015) ("plaintiffs have standing to seek injunctive relief…because to 'hold otherwise would effectively bar any consumer who avoids the offending product from seeking injunctive relief'"); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 317 F.R.D. 374, 397 (S.D.N.Y. 2016) (holding that the fact that "Plaintiff would continue to purchase the Products in the future if the misleading labeling is corrected is sufficient to demonstrate an intent to purchase products in the future that subjects them to future harm").

      The recent Second Circuit opinion in *Berni v. Barilla S.p.A., et al. v. Schulman* does not stymie plaintiff's request for injunctive relief. No. 19-1921-cv, 2020 U.S. App. LEXIS 21167 (2d Cir. July 8. 2020). In *Berni*, millions of other class members would have their rights extinguished in support of a settlement which granted them fictitious relief in the form of a "fill-line." This injunctive relief to past conduct was insufficient to meet the requirements of Rule 23(b)(2). Plaintiff here is the proposed class representative and seeks monetary damages *in addition to* injunctive relief. Thank you.

                                             Respectfully submitted,
                                               /s/Spencer Sheehan

**Certificate of Service**

I certify that on May 17, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☒ | ☐ |
| Plaintiffs' Counsel | ☐ | ☐ | ☒ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan